IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| JOHN CHRISTOPHER HULL, | § | |
| | § | |
| *Plaintiff*, | § | |
| | § | |
| vs. | § | |
| | § | 5-19-CV-00026-OLG-RBF |
| MATTHEW G. WHITAKER, UNITED | § | |
| STATES OF AMERICA, ACTING U.S. | § | |
| ATTORNEY GENERAL; AND KEN | § | |
| PAXTON, STATE OF TEXAS, TEXAS | § | |
| ATTORNEY GENERAL; | § | |
| | § | |
| *Defendants*. | § | |

**REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE**

**To the Honorable Chief United States District Judge Orlando Garcia:**

This Report and Recommendation concerns the Motion to Dismiss filed by Defendants the State of Texas and Texas Attorney General Ken Paxton ("Texas Defendants"), *see* Dkt. No. 13, and Plaintiff John Christopher Hull's failure to timely and properly serve Defendants the United States of America and Matthew G. Whitaker, former Acting Attorney General ("Federal Defendants"). The District Court referred this case to the undersigned pursuant to Western District of Texas Local Rule CV-72 and Appendix C. *See* Dkt. No. 6. Authority to enter this recommendation stems from 28 U.S.C. § 636(b)(1)(B).

For the reasons set forth below, the Federal Defendants should be dismissed for lack of proper service and the Texas Defendants' Motion to Dismiss, Dkt. No. 13, should be **GRANTED**. Plaintiff Hull does not have standing to pursue this action and, regardless, sovereign immunity bars Hull's claims. Accordingly, this case should be **DISMISSED**

**WITHOUT PREJUDICE** and the various motions to join filed in this case should be **DISMISSED AS MOOT.** Alternatively, the motions to join should be denied for failing to satisfy the requirements for intervention set forth in Federal Rule of Civil Procedure 24.

## I.     Factual and Procedural Background

Pro se Plaintiff John Christopher Hull initiated this action on January 11, 2019 against the United States of America and previous Acting Attorney General Matthew G. Whitaker (referred to collectively as the "Federal Defendants") as well as the State of Texas and Texas Attorney General Ken Paxton (collectively, the "Texas Defendants"). Hull takes issue with state and federal policies and laws pertaining to opioid pain medications. The Complaint—which is not entirely clear but nonetheless is read liberally in Hull's favor—begins with a history of medical uses of opioids and an overview of various studies related to treatment of chronic-pain patients. *Id.* at 5-7. Next, the Complaint discusses the history of the Centers for Disease Control ("CDC") guidelines and other federal policies related to opioid use, which are allegedly out-of-step with current scientific opioid research. *See id.* at 7-12, 16-25.

"Since the publication of the CDC guidelines," Hull alleges, the federal government and 37 enumerated states—not including Texas—have implemented "policies and legislative acts" regarding pain medication that allegedly violate the rights of American citizens under the Fourth, Fifth, and Fourteenth Amendments, the "Social Security Act [of] 1935, [t]he Medicare/Medicaid Act [of] 1965, and multiple federal and state antitrust laws." *Id.* at 1, 9. Hull also takes issue with prescription-monitoring programs, allegedly enacted by every state save Nebraska, through which medical providers are allegedly coerced into providing sensitive patient data. *Id.* at 11-12. Hull asks the Court "to end abuses by the Federal and State governments and respective agencies" with respect to pain-medication laws and policies, *id.* at 1, 27-28, and to allow "all

Americans . . . to join this litigation against the state of TEXAS and the United States of America by submitting a 'Motion to Join,'" *id.* at 26.

This is one of more than 15 substantially similar—if not effectively identical—cases filed by a pro se plaintiff across the country.[1] Hull's Complaint appears to have been downloaded from a website promoting the repeal of restrictions that have been placed on the prescription and distribution of opioid painkillers. The website encourages others to be "warriors" and file the form complaint in federal court against the federal Government and the state where each individual resides as part of a movement referred to as "Operation Starburst." *See* https://sickofsuffering.com/%23starburst-files (last visited May 15, 2019). The website provides step-by-step instructions for filing a complaint and encourages individuals to share the case number with others who may join the case via a "Class Action Motion." *See id.*

---

[1] *See Colbert-Hock v. United States of America et al.*, No. 2-19-cv-43-JJT (D. Ariz. filed Jan. 4, 2019); *Martin v. United States of America et al.*, (W.D. Wash. filed Jan. 4, 2019); *Doherty v. United States v. America et al.*, No. 2-19-cv-18-SPC-UAM (M.D. Fla. filed Jan. 4, 2019); *Favero v. United States of America et al.*, No. 3-19-cv-78-WQH-BGS (S.D. Cal. filed Jan. 11, 2019); *Hughes v. United States of America et al.*, No. 2-19-cv-37 (S.D.W. Va. filed Jan. 11, 2019); *Dawidowicz v. United States of America et al.*, No. 3-19-cv-510-MAS-TJB (D.N.J. filed Jan. 14, 2019); *Wilton v. United States of America et al.*, No. 5-19-cv-133-SL, 2019 WL 1545619 (N.D. Ohio Apr. 9, 2019)*; Minerd-Massy v. United States of America et al.*, No. 1-19-cv-106-LJV (W.D.N.Y. filed Jan. 18, 2019); *Arrietta v. United States of America et al.*, No. 1-19-cv-55 (D.N.M. filed Jan. 18, 2019); *Kirkwood v. United States of America et al.*, No. 5-19-cv-77-R (W.D. Okla. filed Jan. 29, 2019); *Hix v. Whitaker et al.*, No. 6-19-cv-190-AA (D. Or. filed Feb. 7, 2019); *Toucheshawks v. United States of America et al.*, No. 4-19-cv-242 (E.D. Mo. filed Feb. 15, 2019); *Bazzy v. United States of America et al.*, No. 2-19-cv-10541-PDG-MKM (E.D. Mich. filed Feb. 22, 2019); *Knapp v. United States of America. et al.*, No. 1-19-cv-146-JTN-ESC (W.D. Mich. filed Feb. 25, 2019); *Wilson v. United States of America et al.*, No. 4-19-cv-7-RRB (D. Alaska filed Mar. 11, 2019); *Pierce v. United States of America et al.*, No. 4-19-cv-45-TWP-DML (S.D. Ind. filed Mar. 12, 2019); *Connors v. United States of America et al.*, No. 1-19-cv-993-GPG (D. Colo. filed Apr. 4, 2019).

Since Hull's commenced this litigation, 38 motions to join have been filed by various pro se litigants, the majority of whom are not Texas citizens[2] and several of whom it appears have already moved to join cases pending in other jurisdictions.[3] According to the directions attached to the motions to join, individuals are informed that "[t]here is no limit to the number of #Starburst cases you may petition to join." Dkt. No. 3 at 3. These motions to join are all materially identical except for the name, address, and signature of the individual filing the motion.[4] Some movants have also included a "story of the[ir] harms & suffering." *See id.*

## II. Analysis

*The Federal Defendants should be dismissed for failure to timely and properly effect service.* Pursuant to Federal Rule of Civil Procedure 4(m), "[i]f a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time." Because Hull initiated this action on January 11, 2019, his

---

[2] *See* Dkt. Nos. 3-5, 7-12, 15-26, 28-31, 38-50.

[3] For instance, Movants Douglas W. McLaughlin, Peter M. Drea, and Julie A. Drea all moved to join the *Favero* case pending in the Southern District of California. Further, movant Cindy J. Colbert-Hock's case has been dismissed by the Arizona District Court. *See Colbert-Hock v. United States of America et al.*, No. 2-19-cv-43-JJT (D. Ariz. filed Jan. 4, 2019).

[4] Below is the language included in every pending motion to join:

Comes now plaintiff,_____ and hereby requests the Court and the Clerk of Court for the District of Washington to grant this petition to join Case number: **5:19-cv-0026-OLG** - Hull v. Whitaker et al.

With this petition, I acknowledge the contents of **pro se litigant John Christopher Hull** complaint and declare these grievous harms are befalling the American people to include myself and/or my loved ones.

This petition is filed pursuant to Supreme Court decision *Johnson v. City of Shelby* the Court makes it clear neither Twombly nor Iqbal nor the federal pleading rules, require "pro se" plaintiffs to set forth the legal theory supporting the asserted claim for relief Johnson v. City of Shelby, Miss., 743 F.3d 59, 62 (5th Cir. 2013). Bell Atlantic Corp. v. Twombly (2007). Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).

deadline to properly effect service on the Federal Defendants was April 11, 2019. To date, Hull has failed to do so.

On February 22, 2019, Hull returned summons allegedly executed on the Federal Defendants. *See* Dkt. No. 33. But according to the return of service, Hull attempted to personally serve the summons and complaint by mailing them himself to the Federal Defendants. This does not comply with Rule 4, which provides that service of the summons and complaint cannot be effected by a party. *See* Fed. R. Civ. P. 4(c)(2) ("Any person who is at least 18 years old *and not a party* may serve a summons and complaint.") (emphasis added). Nor is there any indication in the record that all parties set forth in Rule 4(i) have been served. *See* Fed. R. Civ. P. 4(l) ("Unless service is waived, proof of service must be made to the court. Except for service by a United States marshal or deputy marshal, proof must be by the server's affidavit."). The Court has twice advised Hull of his duty to timely and properly serve a copy of the summons along with the complaint on all Defendants in compliance with Rule 4 of the Federal Rules of Civil Procedure and also of the consequences for failing to do so. *See* Feb. 1, 2019 text order & Dkt. No. 34. Hull has failed to comply with the Court's directives or to show good cause for the failure.[5] Accordingly, dismissal of Defendants the United States of America and Acting U.S. Attorney General Matthew G. Whitaker without prejudice is appropriate under the circumstances. *See Thrasher v. City of Amarillo*, 709 F.3d 509, 512 (5th Cir. 2013) ("A litigant's pro se status

---

[5] *Cf.* Fed. R. Civ. P. 4(m) ("[I]f the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period."); *Espinoza v. United States*, 52 F.3d 838, 842 (10th Cir. 1995) (interpreting Rule 4(i)(3)—currently Rule 4(i)(4)— as an exception to Rule 4(m) by extending the now 90-day time limit for service for a "reasonable time" in cases where the plaintiff has *properly* effected service on either the United States Attorney or the Attorney General, within the now 90-day period).

neither excuses his failure to effect service nor excuses him for lack of knowledge of the Rules of Civil Procedure.").

*Hull lacks standing to bring his claims against the Texas Defendants.* The Court is tasked with evaluating Hull's standing to challenge opioid laws and regulations. *See Moody v. Michigan Gaming Control Bd.*, 847 F.3d 399, 402 (6th Cir. 2017) ("Standing is a threshold issue for bringing a claim in federal court and must be present at the time the complaint is filed."). Hull's claims are premised on *his wife's* inability to access opioid pain medication. Hull's claims against the Texas Defendants fall short with respect to constitutional as well as prudential standing considerations.

Constitutional standing requires an injury in fact, a causal connection between the injury and the complained-of laws, and the potential that the injury could be redressed by a favorable decision. *See Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-61 (1992). Hull alleges generalized and conjectural injuries to a large group of people identified as chronic-pain patients in the United States. Hull lacks standing to bring his claims against the Texas Defendants because the claims do not address any alleged wrong committed by the Texas Defendants or seek redress for any alleged injury possibly traceable to, or redressable by, the Texas Defendants. *See id.*; *see also McNutt v. Gen. Motors Acceptance Corp. of Ind.*, 298 U.S. 178, 189 (1936) (explaining that a plaintiff "must allege in his pleading the facts essential to show jurisdiction" and that "[i]f he fails to make the necessary allegations he has no standing").

In his Response to the Texas Defendants' Motion to Dismiss, Hull alleges that his wife has been consistently denied pain medicine that she needs, in alleged contravention of the Fourth, Fifth, and Fourteenth Amendments as well as the Social Security Act, the "International Treaty: Single Convention on Narcotic Drugs, 1961," the Medicare/Medicaid Act of 1965, and the

"Genocide Convention Implementation Act of 1987 (The Proxmire Act)." Dkt. No. 32 at 6-13. Hull's Response details how his wife's present circumstances have directly affected him emotionally and financially. But even assuming without deciding that such allegations would be sufficient to meet the injury-in-fact requirement,[6] Hull fails to allege any facts explaining how the Texas Defendants play any causal role in his injury or how they could redress Hull's alleged actual or threatened injury.

To be clear, Hull's Complaint does not mention, let alone invoke, any Texas statutes or regulations. It also does not mention any actions, or even threatened actions, committed by the Texas Defendants. And despite listing in his Complaint "numerous" states that have allegedly implemented unconstitutional policies and legislative acts in connection with opioid regulation, Texas is absent from this list. *See* Compl. at 9. Instead Hull complains only of federal policies, executive actions, and legislation, which he labels unconstitutional or violative of other federal law. It is only these federal matters, according to Hull's Complaint, that have purportedly restricted his wife's access to opioid pain medication.

In Hull's Response to the Texas Defendants' Motion to Dismiss, which the Court liberally construes as a more definite statement, Hull does cite two allegedly unconstitutional Texas laws: (1) Section 170.3 of the Texas Administrative Code; and (2) the Texas Prescription Monitoring Aware Act. But Hull neither traces his alleged injury to the Texas Defendants nor seeks any relief from them. *See* Dkt. No. 32 at 19 (listing "Requested Actions of the Court"). Accordingly, as pled, Hull cannot show causation and redressability—two constitutional prerequisites to standing. *See Lujan*, 504 U.S. at 560-561; *Dep't of Texas, Veterans of Foreign*

---

[6] *See Friedman v. Harold*, 638 F.2d 262, 265 (1st Cir. 1981) ("Economic injury, even of an indirect nature, will establish sufficient concrete adverseness to meet the Article III 'case or controversy' test.")

*Wars of U.S. v. Texas Lottery Comm'n*, 760 F.3d 427, 432 (5th Cir. 2014) ("For a plaintiff's claim to be redressable, it must be likely, as opposed to merely speculative, that a favorable decision will redress the plaintiff's injury.") (quotations omitted).

Hull's efforts to sue based on his wife's lack of access to prescription opioids also throws up a prudential roadblock to his standing. "[E]ven when the plaintiff has alleged injury sufficient to meet the "case or controversy" requirement, [the Supreme] Court has held that the plaintiff generally must assert his own legal rights and interests, and cannot rest his claim to relief on the legal rights or interests of third parties." *Warth v. Seldin*, 422 U.S. 490, 499 (1975); *see also Singleton v. Wulff*, 428 U.S. 106, 114 (1976) ("Ordinarily, one may not claim standing . . . to vindicate the constitutional rights of some third party.") (quotations omitted). Here, Hull's claims primarily rest on his wife's rights or interests, and the rights or interests of others similarly situated to her.

Although "there may be circumstances where it is necessary to grant a third party standing to assert the rights of another," such as where the litigant has a "close relationship" with the third party on whose behalf the right is asserted, in such circumstances a plaintiff must demonstrate that there is a "hindrance" to the third party's ability to advance her own constitutional interests. *See Kowalski v. Tesmer*, 543 U.S. 125, 129-30 (2004). While Hull's Complaint and a statement from his wife submitted with the Response to the Texas Defendants' Motion to Dismiss might invite speculation that his wife might be totally incapable of protecting her own interests due to disability, speculation is not enough. Under the law, "[s]omething more than a hypothetical hindrance is required." *Pharmacy Buying Ass'n, Inc. v. Sebelius*, 906 F. Supp. 2d 604, 616 (W.D. Tex. 2012). Based on the present record, and without something more on this point, there is insufficient basis to conclude that Hull's wife is incapable of proceeding either pro

se (perhaps by requesting reasonable extensions of deadlines where needed and even with Plaintiff Hull's help if she so desires) or by and through an attorney. *See Kowalski*, 543 U.S. at 130 (concluding that apart from limited circumstances not present here "we have not looked favorably upon third-party standing").

For all these reasons, Hull's claims against the Texas Defendants should be dismissed for lack of standing.

*Sovereign Immunity*. Hull's claims against the State of Texas and Attorney General Paxton run afoul of sovereign immunity doctrines. Texas has not waived its immunity in § 1983 actions. *See Aguilar v. Texas Dep't of Criminal Justice*, 160 F.3d 1052, 1054 (5th Cir. 1998). Nor does § 1983 abrogate the State's immunity. *See Quern v. Jordan*, 440 U.S. 332, 345 (1979). Moreover, the doctrine of sovereign immunity can bar an action against a state official like General Paxton when "the state is a real, substantial party in interest." *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 101-02 (1984) (quotations omitted).

Under *Ex Parte Young*, "[a] suit is not 'against' a state when it seeks prospective, injunctive relief from a state actor based on an alleged ongoing violation of the federal constitution." *NiGen Biotech, L.L.C. v. Paxton*, 804 F.3d 389, 394 (5th Cir. 2015) (ellipsis omitted). Here, Hull is not seeking monetary damages. *See* Dkt. No. 32 at 13. Rather, he appears to request various types of prospective injunctive relief to halt the federal and certain state governments from enforcing allegedly unconstitutional opioid policies. *See id.* at 19-20.

But "[i]n order to use the *Ex Parte Young* exception, a plaintiff must demonstrate that the state officer has 'some connection' with the enforcement of the disputed act." *K.P. v. LeBlanc*, 627 F.3d 115, 124 (5th Cir. 2010). "This 'some connection' requirement is designed to ensure [a] defendant is not merely being sued 'as a representative of the state, and thereby attempting to

make the state a party.'" *Air Evac EMS, Inc. v. Texas, Dep't of Ins., Div. of Workers' Comp.*, 851 F.3d 507, 517 (5th Cir. 2017). Accordingly, at issue here is whether General Paxton has "some connection" to the enforcement of Section 170.3 of the Texas Administrative Code and the Texas Prescription Monitoring Aware Act so as to permit application of the *Ex Parte Young* exception. In making such a determination, the Court must analyze whether General Paxton, "by virtue of his office, has some connection with the enforcement of the act . . . whether it arises out of the general law, or is specially created by the act[s] [themselves]." *LeBlanc*, 627 at 124 (quoting *Ex Parte Young*, 209 U.S. at 157). This analysis "turns on the complaint's context—including the challenged state law and defendants." *Air Evac EMS*, 851 F.3d at 519.

Based on the allegations in the Complaint, there is no reason to believe that Paxton has the requisite connection to either statute. First, Section 170.3 of the Texas Administrative Code, which sets forth minimum requirements for the treatment of chronic pain, appears to be enforced by the Texas Medical Board. *See* 22 Tex. Admin. Code. § 190.8 (providing for disciplinary action where Texas Medical Board rules are violated). Similarly, the Texas Prescription Monitoring Program, which was established by the Texas Controlled Substances Act, Tex. Health & Safety Code § 481.075, is the charge of the Texas State Board of Pharmacy.[7] Hull has not cited, any provision in either statute that provides Attorney General Paxton with enforcement authority.

---

[7] *See, e.g.*, *Texas Medical Board, Petitioner v. Judson Jeffrey Somerville, M.D., Respondent*, 2017 WL 2500694, at *16 (Jun. 1, 2017) ("In June 2015, the legislature enacted Senate Bill 195, which transferred control of the Texas Prescription Monitoring Program (also known as Prescription Access in Texas) from DPS to the Texas State Board of Pharmacy (Pharmacy Board).") (citing Act of June 20, 2015, 84th Leg., R.S., 2015 Tex. Gen. Laws ch. 1268); *see also* Tex. Health & Safety Code § 481.076 (describing duties of the Texas State Board of Pharmacy with respect to Texas Prescription Monitoring Program).

Rather, Hull appears to have sued General Paxton based on a "general duty" of the Office of the Attorney General to enforce state laws. But "[t]he required 'connection' is not merely the general duty to see that the laws of the state are implemented, but the particular duty to enforce the statute in question and a demonstrated willingness to exercise that duty." *Morris v. Livingston*, 739 F.3d 740, 746 (5th Cir. 2014) (quotations omitted).[8] Absent any non-conclusory, non-speculative allegations of an enforcement connection between General Paxton and the alleged unconstitutional Texas statutes, the Attorney General enjoys immunity here. *See Okpalobi v. Foster*, 244 F.3d 405, 423 (5th Cir. 2001) (en banc); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).[9]

Hull tries in his Response to Defendants' Motion to Dismiss to substitute the following Defendants for the State of Texas: (1) Texas Governor Greg Abbott; (2) Attorney General Ken Paxton; and (3) various members of Texas's House of Representatives and Senate. *See* Dkt. No. 32 at 2. Hull has again failed to plead a requisite connection between these individuals and the allegedly unconstitutional Texas statutes with which he takes issue. Accordingly, Hull's request to amend his Complaint to substitute these additional individuals should be denied as futile. *See Stripling v. Jordan Prod. Co., LLC*, 234 F.3d 863, 873 (5th Cir. 2000) (district court has discretion to deny a plaintiff leave to amend where amendment would be futile).

---

[8] *See also Doe v. Holcomb*, 883 F.3d 971, 976-77 (7th Cir. 2018), *cert. denied*, 139 S. Ct. 126, (2018) ("An attorney general cannot be sued simply because of his duty to support the constitutionality of a challenged state statute . . . Instead, in order for a plaintiff to overcome the Eleventh Amendment, the attorney general must play some role in enforcing (not just defending) the complained-of statute.").

[9] *See also Newberry v. Champion*, No. 3:16-CV-143-DMB-RP, 2017 WL 1074463, at *4 (N.D. Miss. Mar. 17, 2017) ("When Eleventh Amendment immunity is asserted through Rule 12(b)(1), the burden is on the party asserting an exception to the reach of the Eleventh Amendment to persuade the Court that it applies.").

*Dismissal, not further amendment, is appropriate.* For all the reasons just discussed, the undersigned recommends that Hull's case be dismissed. In making this recommendation, the undersigned recognizes that Hull is proceeding pro se, and so the pleading requirements are somewhat relaxed. *See Bustos v. Martini Club*, 599 F.3d 458, 461-62 (5th Cir. 2010). But Hull's pro se status does not excuse him from establishing subject matter jurisdiction or presenting more than "'threadbare recitals of a cause of action's elements, supported by mere conclusory statements.'" *Roque v. Jazz Casino Co. LLC*, 388 F. App'x 402, 405 (5th Cir. 2010) (quoting *Iqbal*, 556 U.S. at 678); *see also Birl v. Estelle*, 660 F.2d 592, 593 (5th Cir. 1981) ("The right of self-representation does not exempt a party from compliance with relevant rules of procedural and substantive law . . . Rather, such a litigant acquiesces in and subjects himself to the established rules of practice and procedure.");

Hull's Complaint consists of only generalized grievances about various drug laws, some history and scattered references to expert reports and studies, and a nigh-on-nonsensical legal argument. Although courts should generally grant leave to amend and cure defects in jurisdictional allegations, it does not appear that the standing and sovereign-immunity issues discussed herein could be cured. *See, e.g.*, *Summit Office Park, Inc. v. U.S. Steel Corp.*, 639 F.2d 1278, 1282 (5th Cir. 1981) (where a plaintiff never had standing to assert a claim against the defendants, it does not have standing to amend the complaint and control the litigation by substituting new plaintiffs, a new class, and a new cause of action). Furthermore, even assuming solely for purposes of this Report and Recommendation that Hull's claims did not fail for lack of subject matter jurisdiction, Hull's claims would fail to state any claim on which relief may be granted. As explained above, Hull's Complaint is entirely devoid of any alleged wrongful actions committed by the Texas Defendants. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

District courts across the country have dismissed virtually identical lawsuits filed by pro se plaintiffs such as Hull.[10] Accordingly, on this record, leave to amend is not warranted.

*The Various Motions to Join*. In light of the recommendation that this case should be dismissed, the various motions to join that have been filed in this case, which the undersigned interprets as motions to intervene,[11] are moot and therefore should be dismissed. There is no longer a live case into which movants could intervene.

In addition and in the alternative, the motions to join should be denied for failure to meet the procedural requirements governing intervention under Rule 24. *See* Fed. R. Civ. P. 24(c) (providing that motions to intervene "must state the grounds for intervention and be accompanied by a pleading that sets out the claim or defense for which intervention is sought"). Although several of the movants have attached a narrative explaining why they need pain medication and the difficulties they have encountered in securing it, no movant has attached a sufficient pleading or provided any valid ground for intervention.

---

[10] *See Colbert-Hock v. United States of America et al.*, No. 2-19-cv-43-JJT (D. Ariz. filed Jan. 4, 2019) (dismissed with prejudice for failure to state a claim on which relief may be granted); *Doherty v. United States v. America et al.*, No. 2-19-cv-18-SPC-UAM (M.D. Fla. filed Jan. 4, 2019) (dismissed without prejudice as an improper "shot gun" pleading, which fails to state any cognizable claim against Defendants or sufficiently allege the Court's subject matter jurisdiction); *Wilton v. United States of America et al.*, No. 5-19-cv-133-SL, 2019 WL 1545619 (N.D. Ohio Apr. 9, 2019) (dismissing case as frivolous for lack of standing and for failure to state a claim on which relief may be granted); *Minerd-Massy v. United States of America et al.*, No. 1-19-cv-106-LJV (W.D.N.Y. filed Jan. 18, 2019) (dismissing case for lack of standing); *Bazzy v. United States of America et al.*, No. 2-19-cv-10541-PDG-MKM (E.D. Mich. filed Feb. 22, 2019) (dismissing complaint for failure to state a claim on which relief may be granted); *Pierce v. United States of America et al.*, No. 4-19-cv-45-TWP-DML (S.D. Ind. filed Mar. 12, 2019) (dismissing case for lack of standing because plaintiff's complaint "presented only generally available grievances about government").

[11] *See Thompson v. Boggs*, 33 F.3d 847, 858 n. 10 (7th Cir. 1994) (explaining that non-parties may not file motions to join under Rule 20; rather, "the proper course of action would be a motion to intervene under Fed. R. Civ. P. 24").

Finally, because no movant claims an unconditional right to intervene under a federal statute, and no movant can claim an interest sufficient to meet the "intervention of right" standard under Rule 24(a)(2), the Motions to Join are properly viewed as seeking "permissive intervention" under Rule 24(b). Permissive intervention is "wholly discretionary with the district court . . . even though there is a common question of law or fact, or the requirements of Rule 24(b) are otherwise satisfied." *Kneeland v. Nat'l Collegiate Athletic Ass'n*, 806 F.2d 1285, 1289 (5th Cir.1987) (brackets and quotations omitted). Accordingly, the District Court should exercise its discretion and deny movants' requests for permissive intervention.

## III.    Conclusion and Recommendation

For the reasons discussed above, it is recommended that this case should be **DISMISSED WITHOUT PREJUDICE**. All pending motions to join case should be **DISMISSED AS MOOT**.

Having considered and acted upon all matters for which the above-entitled and numbered case was referred, it is **ORDERED** that the above-entitled and numbered case is **RETURNED** to the District Court for all purposes.

### Instructions for Service and Notice of Right to Object/Appeal

The United States District Clerk shall serve a copy of this report and recommendation on all parties by either (1) electronic transmittal to all parties represented by attorneys registered as a "filing user" with the clerk of court, or (2) by mailing a copy by certified mail, return receipt requested, to those not registered. Written objections to this report and recommendation must be filed **within fourteen (14) days** after being served with a copy of same, unless this time period is modified by the district court. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The objecting party shall file the objections with the clerk of the court, and serve the objections on all other parties. A party filing objections must specifically identify those findings, conclusions, or

recommendations to which objections are being made and the basis for such objections; the district court need not consider frivolous, conclusory, or general objections. A party's failure to file written objections to the proposed findings, conclusions, and recommendations contained in this report shall bar the party from a *de novo* determination by the district court. *Thomas v. Arn*, 474 U.S. 140, 149-52 (1985); *Acuña v. Brown & Root, Inc.,* 200 F.3d 335, 340 (5th Cir. 2000). Additionally, failure to timely file written objections to the proposed findings, conclusions, and recommendations contained in this report and recommendation shall bar the aggrieved party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc).

**IT IS SO ORDERED**.

SIGNED this 29th day of May, 2019.

RICHARD B. FARRER
UNITED STATES MAGISTRATE JUDGE